ant would testify and what the line of defense would be as did the absent counsel. In each of the cases cited in this dissenting opinion where the appellate courts reversed the trial court for an abuse of discretion in failing to continue the case, it does appear, as it appears in the instant case, that the counsel who was forced to trial with the defendant's case was unfamiliar with what the testimony would be and what the plan of the defense would be, or should be. Under a careful analysis of the two lines of decisions, the one in the majority opinion and the other in the dissenting opinion, there is a clear distinction between the two and a wide difference in principle. That the facts of the instant case place it in the line of those cases which are set forth in the dissenting opinion, is perfectly clear to my mind. I concur in the rulings of the majority except as herein stated contrarily.

30805. FOSTER *v.* THE STATE.

MACINTYRE, J. The rulings of the court show no reversible error. The evidence supports the verdict. The court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED MARCH 16, 1945. REHEARING DENIED MARCH 27, 1945.

*John F. Echols,* for plaintiff in error.

*Lindley W. Camp, solicitor, E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.

30806. FOSTER *v.* THE STATE.

DECIDED MARCH 16, 1945. REHEARING DENIED MARCH 27, 1945.